BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
CHRISTOPHER R. HALL
Assistant Branch Director
R. CHARLIE MERRITT
Trial Attorney (admitted *pro hac vice*)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 616-8098
Facsimile: (202) 616-8470
E-mail: robert.c.merritt@usdoj.gov

Attorneys for Defendants

(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MARK IBRAHIM,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>        Defendants. | Case No. 8:22-cv-00813-DOC-KES<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND (6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>([Proposed] Order filed concurrently herewith)<br><br>Hearing Date:   October 17, 2022<br>Hearing Time:  8:30 a.m.<br>Ctrm:           10A<br><br>Honorable David O. Carter<br>United States District Judge |

## **NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that, on October 17, 2022 at 8:30 am, or as soon thereafter as they may be heard, Defendants will move this Court to dismiss Plaintiff's First Amended Complaint. This motion will be made in the Ronald Reagan Federal Building and Courthouse before the Honorable David O. Carter, United States District Judge, Courtroom 10A, located at 411 West Fourth Street, Santa Ana, CA 92701.

Defendants bring the motion under Federal Rules of Civil Procedure 12(b)(1) and (6).   This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which began via email on August 30, 2022, and continued with multiple telephone calls and email communications up to September 8, 2022.

1    Dated: September 15, 2022                    Respectfully submitted,

2

3                                                 BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

4

5                                                 CHRISTOPHER R. HALL
                                                  Assistant Branch Director

6
                                                  */s/ R. Charlie Merritt*
7                                                 R. CHARLIE MERRITT
                                                  Trial Attorney
8                                                        U.S. Department of Justice
9                                                        Civil Division, Federal Programs
                                                         Branch
10                                                       1100 L Street NW
11                                                       Washington, DC 20005
                                                         Telephone: (202) 616-8098
12                                                       Facsimile: (202) 616-8074
13                                                       E-mail: robert.c.merritt@usdoj.gov

14

15                                                STEPHANIE S. CHRISTENSEN
                                                  Acting United States Attorney
16                                                DAVID M. HARRIS
                                                  Assistant United States Attorney
17                                                Chief, Civil Division
18                                                JOANNE S. OSINOFF
                                                  Assistant United States Attorney
19                                                Chief, General Civil Section
20                                                PAUL B. LASCALA (Cal. Bar No. 186939)
                                                  Assistant United States Attorney
21                                                       Federal Building, Suite 7516
22                                                       300 North Los Angeles Street
                                                         Los Angeles, California 90012
23                                                       Telephone: (213) 894-2467
24                                                       Facsimile: (213) 894-7819
                                                         E-mail: Paul.LaScala@usdoj.gov
25

26                                                Attorneys for Defendants

27

28

                                                  2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................ 1

BACKGROUND ................................................................ 2

LEGAL STANDARDS ........................................................ 4

    A.    Fed. R. Civ. P. 12(b)(1) ........................................ 4

    B.    Fed. R. Civ. P. 12(b)(6) ........................................ 4

ARGUMENT ..................................................................... 4

I.     Sovereign Immunity Bars Plaintiff's Claims. .............................. 5

II.    The CSRA Precludes Plaintiff's Claims........................................ 8

    A.    The CSRA Provides Plaintiff's Exclusive Remedy To Challenge His Removal.................................................................. 8

    B.    Plaintiff's Claims Are Precluded. .................................... 11

III.   Plaintiff's Claims Fails As A Matter of Law. ............................. 15

CONCLUSION ................................................................. 17

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Cases**

4

*Am. Fed'n of Gov't Emps. Local 1 v. Stone*,
 502 F.3d 1027 (9th Cir. 2007) ........................................................... 12, 13

5

6

*Am. Fed'n of Gov't Emps. (AFL-CIO) v. United States*,
 195 F. Supp. 2d 4 (D.D.C. 2002) .......................................................... 16

7

8

*Beatty v. Thomas*,
 No. Civ.A. 2:05CV71, 2005 WL 1667745 (E.D. Va. June 13, 2005) .................... 17

9

10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ........................................................................ 4

11

*Blantz v. Cal. Dep't of Corrs. & Rehab*,
 727 F.3d 917 (9th Cir. 2013) ......................................................... 16, 17

12

13

*Brady v. United States*
 211 F.3d 499 (9th Cir. 2000) ............................................................. 7

14

15

*Broughton v. Courtney*,
 861 F.2d 639 (11th Cir. 1988) .......................................................... 17

16

17

*Brownback v. King*,
 141 S. Ct. 740 (2021) ..................................................................... 6

18

19

*Candelaria v. United States*,
 No. C13-5898, 2014 WL 4352111 (W.D. Wash. Sept. 2, 2014) ...................... 7

20

*Chamat v. Paulson*,
 No. 07-CV-1010, 2009 WL 764989 (S.D. Cal. Mar. 23, 2009) .................... 14

21

22

*Clemente v. United States*,
 766 F.2d 1358 (9th Cir. 1985) ...................................................... 8, 13, 16

23

24

*Colenzo v. FDIC*,
 Case No. CV 09-00816, 2010 WL 11512213 (C.D. Cal. Apr. 28, 2010) ............... 5

25

26

*Contreras v. Vazquez*,
 No. 09-CV-1267, 2009 WL 3248088 (S.D. Cal. Oct. 7, 2009) ..................... 6

27

*DaimlerChrysler Corp. v. Cuno*,
 547 U.S. 332 (2006) ....................................................................... 4

28

ii

*Daniel v. Nat'l Park Serv.*,
    891 F.3d 762 (9th Cir. 2018) ....................................................................... 5

*Drayton v. United States*,
    Case No. EDCV 15-1368, 2015 WL 5437040 (C.D. Cal. Sept. 14, 2015) ............... 7

*Dunn & Black, P.S. v. United States*,
    492 F.3d 1084 (9th Cir. 2007) ..................................................................... 5

*Egbert v. Boule*,
    142 S. Ct. 1793 (2022) ............................................................................. 15

*Elgin v. Dep't of the Treasury*,
    567 U.S. 1 (2012) ........................................................................... 9, 11, 12

*FAA v. Cooper*,
    566 U.S. 284 (2012) ................................................................................. 5

*FDIC v. Meyer*,
    510 U.S. 471 (1994) ............................................................................... 15

*Ferry v. Hayden*,
    954 F.2d 658 (11th Cir. 1992) .................................................................. 10

*Fornaro v. James*,
    416 F.3d 63 (D.C. Cir. 2005) .................................................................... 10

*Gillespie v. Civiletti*,
    629 F.2d 637 (9th Cir. 1980) ..................................................................... 7

*Gonzalez v. Manjarrez*,
    No. EP-11-CV-29, 2013 WL 152177 (W.D. Tex. Jan. 4, 2013) ........................... 13

*Goodman v. United States*,
    298 F.3d 1048 (9th Cir. 2002) ................................................................... 7

*Hodge v. Dalton*,
    107 F.3d 705 (9th Cir. 1997) ..................................................................... 5

*Hopkins v. Potter*,
    CV-S-05-0303, 2006 WL 8441987 (D. Nev. Mar. 21, 2006) ............................ 14

*Jerves v. United States*,
    966 F.2d 517 (9th Cir. 1992) ..................................................................... 6

*Karamanos v. Egger*,
    882 F.2d 447 (9th Cir. 1989) .............................................................. 10, 14

*Kennedy v. U.S. Postal Serv.*,
  145 F.3d 1077 (9th Cir. 1998) ............................................................. 8

*Kursar v. Dep't of Transp.*,
  157 F. App'x 306 (Fed. Cir. 2005) ...................................................... 17

*Lane v. Pena*,
  518 U.S. 187 (1996) ............................................................................. 5

*Liebsack v. United States*,
  731 F.3d 850 (9th Cir. 2013) ............................................................. 12

*Llamas v. Butte Cmty. Coll. Dist.*,
  238 F.3d 1123 (9th Cir. 2001) ........................................................... 17

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ............................................................................. 4

*Mahtesian v. Lee*,
  406 F.3d 1131 (9th Cir. 2005) ......................................... 7, 9, 10, 11

*Mangano v. United States*,
  529 F.3d 1243 (9th Cir. 2008) ................................................... *passim*

*Munns v. Kerry*,
  782 F.3d 402 (9th Cir. 2015) ............................................................. 6

*Munoz-Munoz v. Locke*,
  Case No. C10-1475, 2013 WL 11319006 (W.D. Wash. Apr. 24, 2013) ................ 14

*Nardizzi v. Williams*,
  Case No. CV-13-3210, 2013 WL 12169354 (C.D. Cal. Nov. 19, 2013) .......... 12, 13

*Nelson v. Fraser*,
  Case No. ED CV 19-1769, 2020 WL 11626077 (C.D. Cal. Mar. 9, 2020) ............. 15

*Ordonez v. United States*,
  680 F.3d 1135 (9th Cir. 2012) ............................................................. 5

*Pavel v. Univ. of Or.*,
  Case No. 6:16-cv-00819, 2017 WL 1827706 (D. Or. May 3, 2017) ...................... 16

*Popelka v. O'Keefe*,
  17 F.3d 395 (9th Cir. 1994) ............................................................... 13

*Rivera v. United States*,
  924 F.2d 948 (9th Cir. 1991) ............................................................... 7

iv

*Saul v. United States*,
 928 F.2d 829 (9th Cir. 1991) ............................................................... *passim*

*Stretten v. Wadsworth Veterans Hosp.*,
 537 F.2d 361 (9th Cir. 1976) ................................................................ 16

*Tabaddor v. Holder*,
 156 F. Supp. 3d 1076 (C.D. Cal. 2015) ......................................... 12, 14

*Thomas v. Dep't of Veterans Affairs*,
 Case No.: CV 21-02433, 2021 WL 3468937 (C.D. Cal. Mar. 25, 2021) ............... 14

*Thomas v. Shinseki*,
 *Case No. EDCV 09-1866*, 2010 WL 11508668 (C.D. Cal. Apr. 20, 2010) ............ 14

*Toro v. Napolitano*,
 No. 12-CV-2804, 2013 WL 4102158 (S.D. Cal. Aug. 13, 2013) ................. 12, 13

*UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*,
 718 F.3d 1006 (9th Cir. 2013) ................................................................. 4

*United Bldg. & Constr. Trades Council v. Mayor & Council of Camden*,
 465 U.S. 208 (1984) ............................................................................... 15

*United States v. Dalm*,
 494 U.S. 596 (1990) ................................................................................. 5

*United States v. Fausto*,
 484 U.S. 439 (1988) ....................................................................... *passim*

*United States v. Mitchell*,
 463 U.S. 206 (1983) ................................................................................. 5

*United States v. Nordic Village, Inc.*,
 503 U.S. 30 (1992) ................................................................................... 5

*United States v. Park Place Assocs., Ltd.*,
 563 F.3d 907 (9th Cir. 2009) .................................................................. 5

*Uphoff Figueroa v. Alejandro*,
 597 F.3d 423 (1st Cir. 2010) ................................................................ 17

*Valdez v. United States*,
 56 F.3d 1177 (9th Cir. 1995) .................................................................. 6

*Veit v. Heckler*,
 746 F.2d 508 (9th Cir. 1984) ........................................................... 10, 12

v

*Walker v. United States,*
  744 F.2d 67 (10th Cir. 1984) ................................................................. 17

*Wilborn v. Mayorkas,*
  Case No. 20-cv-1981, 2021 WL 5014347 (S.D. Cal. Oct. 28, 2021) ........ 8

*Willis v. U.S. Army,*
  988 F.2d 126 (9th Cir. 1993) .................................................................. 9

*Wolfe v. Strankman,*
  392 F.3d 358 (9th Cir. 2004) .................................................................. 4

**Statutes**

5 U.S.C. § 2301 ......................................................................................... 9

5 U.S.C. § 2302 .............................................................................. 9, 11, 17

5 U.S.C. § 1212 ....................................................................................... 10

5 U.S.C. § 1214 .................................................................................. 9, 10

5 U.S.C. § 1215 ......................................................................................... 9

5 U.S.C. § 7511 ....................................................................................... 10

5 U.S.C. § 7512 ......................................................................................... 9

5 U.S.C. § 7513 ......................................................................................... 9

5 U.S.C. § 7703 ............................................................................... 9, 10, 11

28 U.S.C. § 1331 ....................................................................................... 6

28 U.S.C. § 1343 ....................................................................................... 6

28 U.S.C. § 1346 ....................................................................................... 6

28 U.S.C. § 2675 ....................................................................................... 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff, a former probationary special agent with the United States Drug Enforcement Administration ("DEA"), challenges his removal from federal employment, seeking only monetary damages from the United States in compensation for his lost position.  But he cannot establish Article III subject-matter jurisdiction over his claims.  And even if he could, his complaint fails to state any claim on which relief may be granted.  The Court should thus dismiss this case.

Plaintiff cannot establish subject-matter jurisdiction for at least two related reasons.  First, there is no waiver of sovereign immunity that might entitle him to seek monetary damages against the United States based on his removal from federal employment.  While Plaintiff gestures at the Federal Tort Claims Act ("FTCA"), that statute's sovereign immunity waiver is inapplicable here, and in any event, Plaintiff has not complied with its jurisdictional exhaustion requirement.  Second, Plaintiff's claims fall squarely within the preclusive ambit of the Civil Service Reform Act ("CSRA").  That statute sets forth a comprehensive and exclusive scheme under which most disputes arising out of federal employment are to be adjudicated through administrative proceedings culminating, in specified instances, in judicial review in the Federal Circuit.  Outside of narrow circumstances absent here, it channels review entirely away from federal district court.  And at a minimum, Plaintiff would be required to administratively exhaust all remedies available to him under the CSRA; because he has not alleged what, if any, administrative remedies he has pursued, this Court lacks jurisdiction over his claims.

Moreover, none of Plaintiff's claims state cognizable legal theories, and each thus fails as a matter of law.  The first three counts—"wrongful termination," "wrongful termination in violation of public policy," and "breach of the covenant of good faith and fair dealing"—identify no source of law that a federal employee can rely on to challenge his removal from federal employment.  Plaintiff fails to state a substantive due process claim because there is no substantive due process interest in holding a particular federal

position, and Plaintiff does not allege the kind of extreme circumstances that could potentially give rise to a due process claim. Finally, district court review of Plaintiff's equal protection claim is especially inappropriate because it alleges discrimination on the basis of political affiliation—not membership in any suspect class warranting heightened scrutiny under the Equal Protection Clause—and is precisely the type of allegation the CSRA scheme is designed to address.

For these reasons, and those set forth below, the Court should dismiss this action.

## BACKGROUND

Plaintiff is a former DEA employee. He alleges that he was "appointed to the Excepted Service in accordance with the DEA's Schedule B authority on September 29, 2019." Pls.' First Am. Compl. for Damages ("FAC") ¶ 14, ECF No. 29. Over the next approximately 14 months, Plaintiff alleges that he participated in various training programs. *Id*. ¶¶ 15-17. On November 18, 2020, he alleges that his supervisors discussed with him ways to "further improve upon" his performance and notified him that he "would be allotted more time for learning" and given more training towards becoming "a successful agent." *Id*. ¶ 17. On December 3, 2020, however, Plaintiff notified his "chain of command of his intent to resign," effective January 29, 2021. *Id*. ¶ 19.

Four days prior to that effective date, Plaintiff apparently changed his mind and "rescinded his resignation." *Id*. ¶ 20. Between the time that Plaintiff proffered and rescinded his resignation, he "attend[ed] the January 6, 2021 Donald Trump rally" at the United States Capitol.[1] *Id*. ¶¶ 22-23. Plaintiff alleges that the following day, January 7, he "was suddenly called into the office, revoked of his badge and gun, [and] suspended for a total of two months." *Id*. ¶ 24.

Plaintiff was eventually removed from his position by letter dated March 1, 2021. *Id*. ¶ 25. The basis for Plaintiff's removal was his poor performance during his

---

[1] Based on his participation in this "rally," Plaintiff was indicted on federal charges in July 2021, and criminal proceedings are currently pending in the United States District Court for the District of Columbia. *See* 1:21-cr-00496-TJK (D.D.C.).

probationary period of employment.[2]   *Id*.   Plaintiff alleges, however, that the stated reasons for Defendants' employment action were "pretextual," *id*. ¶ 36, and that he was actually removed "based on his political affiliation" as a Republican, *id*. ¶¶ 71, 74, and his attendance at "the rally on January 6, 2021," *id*. ¶ 36

Plaintiff filed this action to challenge what he characterizes as his "sudden termination," *id*. ¶ 26.[3]   He asserts five causes of action, all making similar arguments that his removal was unlawful because it was allegedly pretextual and based on Plaintiff's participation in the events of January 6, 2021.   The first three claims—"wrongful termination," "wrongful termination in violation of public policy," and "breach of the covenant of good faith and fair dealing," *id*. ¶¶ 31-56—appear to be based on state law. *See id*. ¶ 39 (citing "Civil Code § 3287"); *see also id*. ¶¶ 85-90 (invoking the FTCA). The other two claims are constitutional, alleging due process and equal protection violations.   *Id*. ¶¶ 57-83.   Plaintiff's equal protection claim is based on the allegation that he was removed "based on his political affiliation." *Id*. ¶ 74.

The named Defendants are the DEA, the Department of Justice ("DOJ"), Attorney General Merrick Garland, DEA Administrator Anne Milgram, William Bodner, the "Special Agent in Charge" ("SAC") of the DEA's Los Angeles Division, and 50 "DOE defendants." *See id*. ¶¶ 1-5.   Plaintiff sues Attorney General Garland and Administrator Milgram in their official capacities, *id*. ¶¶ 3-4, and does not specify the nature of his claim

---

[2] Plaintiff alleges that his probationary period should have been "only one year," and that he "would no longer have been a probationary employee after September 29, 2020." FAC ¶ 28.   Plaintiff acknowledges that the DEA took the position that Plaintiff's "employment status was probationary" at the time of his removal. *Id*.   An Administrative Judge agreed with the DEA and determined that Plaintiff was a probationary employee at the time of his removal and that the Merit Systems Protection Board lacked jurisdiction over his administrative appeal as a result. *See* Attachment 1 to Decl. of Gregg A. Hand (Ex. A).

[3] Plaintiff filed his initial complaint on April 13, 2022.   ECF No. 1.   He filed the operative amended complaint on August 15, 2022, following a Local Rule 7-3 conference. *See* ECF No. 27.

1   against SAC Bodner or the Doe defendants (though his only factual allegation against

2   any of these nominal defendants is that SAC Bodner issued Plaintiff's official removal

3   letter, *id*. ¶ 25).   As a remedy, Plaintiff seeks solely money damages and does not seek

4   any form of injunctive or declaratory relief.  *See id*., Prayer.

5                                    **LEGAL STANDARDS**

6        **A.      Fed. R. Civ. P. 12(b)(1)**

7            Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an

8   action if it lacks subject-matter jurisdiction over the suit.  Plaintiff bears the burden of

9   showing subject-matter jurisdiction.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561

10  (1992).  Indeed, it is "presume[d] that federal courts lack jurisdiction unless the contrary

11  appears affirmatively from the record."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332,

12  342 n.3 (2006) (citation omitted).  A Rule 12(b)(1) motion may be either facial, where

13  the inquiry is confined to the allegations in the complaint, or factual, where the court is

14  permitted to look beyond the complaint to extrinsic evidence.  *See Wolfe v. Strankman*,

15  392 F.3d 358, 362 (9th Cir. 2004).

16       **B.      Fed. R. Civ. P. 12(b)(6)**

17           Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a

18  complaint fails "to state a claim upon which relief can be granted."  Rule 12(b)(6)

19  dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence

20  of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*, 718

21  F.3d 1006, 1014 (9th Cir. 2013) (citation omitted).  To survive a motion under Rule

22  12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible

23  on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

24                                        **ARGUMENT**

25           The Court should dismiss this case on two threshold jurisdictional grounds.  First,

26  Plaintiff's claims are barred by sovereign immunity.   Second, Plaintiff's claims are

27  precluded by the CSRA.  Even setting aside these jurisdictional bases for dismissal, none

28  of Plaintiff's five causes of action sets forth a plausible claim to relief.

                                                 4

## I.     Sovereign Immunity Bars Plaintiff's Claims.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *accord, e.g.*, *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 768-69 (9th Cir. 2018); *Ordonez v. United States*, 680 F.3d 1135, 1137-38 (9th Cir. 2012).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted); *see also Daniel*, 891 F.3d at 768 ("To maintain a suit against the government for money damages, 'the waiver of sovereign immunity must extend unambiguously to such monetary claims,' thus foreclosing an implied waiver" (citation omitted)).  Any waiver must be strictly construed in favor of the sovereign, *e.g.*, *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992), and "[a]ny ambiguities in the statutory language are to be construed in favor of immunity." *FAA v. Cooper*, 566 U.S. 284, 290 (2012).  This "ensures that Congress has specifically considered . . . sovereign immunity and has intentionally legislated on the matter." *Daniel*, 891 F.3d at 768 (citation omitted).

"The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." *Colenzo v. FDIC*, Case No. CV 09-00816, 2010 WL 11512213, at *3 (C.D. Cal. Apr. 28, 2010) (quoting *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997)).  Unless a plaintiff "satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007); *see also United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (party asserting a claim against the United States "has the burden of 'demonstrating an unequivocal waiver of immunity'" (citation omitted)).

Plaintiff here seeks "compensatory damages," "special damages," and associated costs and fees.  *See* FAC, Prayer.  But he has not identified a waiver that would allow him to bring such a suit for money damages against the United States in federal district

court.  To start, the general jurisdictional grants at 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), *see* FAC ¶ 8, provide no such waiver.  As the Ninth Circuit has clearly held, section 1331's general grant of "arising under" jurisdiction "does not waive sovereign immunity." *Park Place Assocs.*, 563 F.3d at 924 (recognizing that to hold otherwise would render sovereign immunity "meaningless").  Likewise, "[s]ection 1343(a)(3) is a general jurisdiction statute that 'does not waive sovereign immunity.'" *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) (citation omitted).[4]

Nor can Plaintiff rely on the FTCA.  *See* FAC ¶¶ 41, 49, 56, 66, 83-90.  That statute provides a "limited waiver of . . . sovereign immunity for tort claims arising out of the conduct of a government employee acting within the scope of his or her employment." *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995); *see also, e.g.*, *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (noting that FTCA applies to "tort claims" seeking money damages for "injury or loss of property, or personal injury or death" (quoting 28 U.S.C. § 1346(b))).  Congress has imposed carefully circumscribed requirements on the FTCA's waiver of sovereign immunity which "must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).  Plaintiff has failed to abide by these strict limitations, and his claims are unauthorized under the FTCA for at least two reasons.

*First*, Plaintiff has not complied with the FTCA's jurisdictional exhaustion requirements.  In particular, the statute authorizes suit in district court only if "the claimant shall have first presented the claim to the appropriate Federal agency" and the agency either "finally denie[s]" "in writing" or fails to "make final disposition" within six months after the claim is filed.  28 U.S.C. § 2675(a).  The requirement that a plaintiff file an "administrative claim is jurisdictional" and "must be strictly adhered to" because any waiver of sovereign immunity "must be strictly construed in favor of the United

---

[4] Section 1343(a)(3) only provides jurisdiction for actions to redress certain deprivations "under color of any State law," and has no application whatsoever in this action against the federal government. *See, e.g.*, *Contreras v. Vazquez*, No. 09-CV-1267, 2009 WL 3248088, at *1 (S.D. Cal. Oct. 7, 2009).

States." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citation omitted). "A plaintiff has the burden to plead and prove compliance with the FTCA administrative claim requirements." *Drayton v. United States*, Case No. EDCV 15-1368, 2015 WL 5437040, at *3 (C.D. Cal. Sept. 14, 2015) (Carter, J.); *see also, e.g.*, *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (holding that a "district court may dismiss a complaint for failure to allege this jurisdictional prerequisite").

Here, Plaintiff does not allege that he provided his agency any notice of the claim asserted in his amended complaint (which raised the FTCA for the first time) or "the amount of compensation demanded." *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002); *see also Brady*, 211 F.3d at 503 (administrative claim must "put the agency on notice of every essential feature of the plaintiffs' case, allowing the agency to investigate and, if possible, settle the case *before it went to court*"). And in fact, Plaintiff has not filed any such administrative claim. *See* Decl. of Marcia N. Tiersky (Ex. B); Decl. of Elijah F. Jenkins (Ex. C). Because Plaintiff has not satisfied the administrative claim requirement, the Court lacks jurisdiction under the FTCA, and that statute's sovereign immunity waiver is inapplicable.

*Second*, Plaintiff's claims all challenge his removal from federal employment and are thus precluded by the CSRA. *See infra* Sec. II. Plaintiff cannot avoid this result by invoking the FTCA. Because the conduct Plaintiff challenges "falls within the scope of the CSRA's prohibited personnel practices, then the CSRA's administrative procedures are his only remedy, and the federal courts cannot resolve [his] claims under the FTCA." *Mahtesian v. Lee*, 406 F.3d 1131, 1134 (9th Cir. 2005) (citation omitted); *see also, e.g.*, *Mangano v. United States*, 529 F.3d 1243, 1247-48 (9th Cir. 2008)); *Rivera v. United States*, 924 F.2d 948, 951-52 (9th Cir. 1991); *Candelaria v. United States*, No. C13-5898, 2014 WL 4352111, at *3 (W.D. Wash. Sept. 2, 2014) ("The CSRA, however, preempts employment-related tort claims brought under the FTCA. Accordingly, 'federal employees challenging employment-related tort claims subject to the CSRA may not bring an action under the FTCA.'" (quoting *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077,

1078 (9th Cir. 1998)).[5]

Absent any waiver of sovereign immunity, Plaintiff's claims against DOJ and DEA, and his "official capacity" claims against the nominal federal officials named in the amended complaint, must be dismissed.[6]  *See, e.g.*, *Wilborn v. Mayorkas*, Case No. 20-cv-1981, 2021 WL 5014347, at *3 (S.D. Cal. Oct. 28, 2021) ("A suit for damages against federal officers or employees 'in their official capacity is essentially a suit against the United States,' and is therefore . . . barred by sovereign immunity absent statutory consent." (citation omitted)).

## II.  The CSRA Precludes Plaintiff's Claims.

### A.  The CSRA Provides Plaintiff's Exclusive Remedy To Challenge His Removal.

The CSRA is "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration."  *United States v. Fausto*, 484 U.S. 439, 445 (1988).  It "prescribes in great detail the protections and remedies applicable to" adverse employment actions taken against federal employees, "including the availability of administrative and judicial review."  *Id*. at 443.  As the Ninth Circuit has explained, "[t]he CSRA's remedial scheme is both exclusive and preemptive."  *Mangano*, 529 F.3d

---

[5] In any event, "the United States is the only proper party defendant in an FTCA action."  *Kennedy*, 145 F.3d at 1078.  For that reason alone, the federal agencies, agency components, and agency officials named in the amended complaint should be dismissed. *See id*.

[6] As noted above, Plaintiff explicitly styles his claims as "official capacity" claims and makes no individual capacity allegations against any defendant.  Nor does Plaintiff cite any provision of law that would authorize him to hold any federal official personally liable for damages.  Accordingly, Defendants understand the amended complaint to assert only official capacity claims.  But even if Plaintiff did attempt to assert personal capacity claims, the Court would lack jurisdiction.  *See, e.g.*, *Clemente v. United States*, 766 F.2d 1358, 1364 (9th Cir. 1985) (the CSRA's comprehensive scheme "to remedy violations of constitutional rights in connection with federal employment and personnel policy . . . [cannot] be augmented by non-statutory '*Bivens*-type' relief").

at 1246; *see also Willis v. U.S. Army*, 988 F.2d 126, at *2 (9th Cir. 1993) (the CSRA "is the exclusive remedy for a federal civil service employee alleging wrongful termination or challenging an adverse employment decision").  Where a federal employee's claims "fall within the CSRA," federal district courts lack jurisdiction to hear them. *Mahtesian*, 406 F.3d at 1135; *see also Elgin v. Dep't of the Treasury*, 567 U.S. 1, 11-12 (2012) ("Given the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court.").

Under the CSRA, different administrative and judicial review procedures apply depending on the nature of the challenged employment action and the types of claims asserted.  As relevant here, covered employees can appeal any statutorily defined "adverse action," including removal, to the Merit Systems Protection Board ("MSPB"), with judicial review available in the Federal Circuit.  *See* 5 U.S.C. §§ 7512, 7513(d), 7703(b)(1).  Employees can also seek corrective action for a broader set of "personnel actions"—including "adverse actions" like removal but also many other less severe actions—by alleging a prohibited reason for the action.  *See* 5 U.S.C. §§ 2302(a), (b); 1214(a); *see also Fausto*, 484 U.S. at 446 ("Chapter 23 of the CSRA establishes the principles of the merit system of employment, . . . and forbids an agency to engage in certain 'prohibited personnel practices,' including unlawful discrimination . . .").  In particular, Congress authorized the Office of Special Counsel ("OSC") to investigate whether any such personnel action was taken on one of 13 prohibited bases and to potentially seek corrective action from the agency involved and, if necessary, the MSPB.  5 U.S.C. §§ 1212(a)(2); 1214(a), (b), 1215(a).  This includes the ability to investigate, among other things, an employee's claim that a personnel action discriminates on the basis of political affiliation or violates the Constitution.  *See id*. §§1212(a)(2); 1214(a)(1)(A); 2302(b); 2301(b)(2); *see also Saul v. United States*, 928 F.2d 829, 834 (9th Cir. 1991).  Judicial review of any MSPB decision is available in the Federal Circuit.

1   *See id*. §§ 1214(c), 7703.

2          While employees who are serving "a probationary or trial period under an initial

3   appointment"—often referred to as "probationary employees"—are excluded from the

4   procedures set forth in Chapter 75 of the CSRA and thus cannot appeal their removal

5   directly to the MSPB, *see* 5 U.S.C. § 7511, they generally may seek corrective action of

6   any allegedly prohibited personnel practice by filing a complaint with the OSC.  *See, e.g.*,

7   *Ferry v. Hayden*, 954 F.2d 658, 660-61 (11th Cir. 1992) ("If a probationary employee

8   believes his termination is the result of a 'prohibited personnel practice,' he must submit

9   his complaint in the first instance to the OSC for review." (citing, *inter alia*, *Karamanos*

10  *v. Egger*, 882 F.2d 447, 450-51 (9th Cir. 1989)).

11         If "challenged conduct 'falls within the scope of the CSRA's prohibited personnel

12  practices,' then the CSRA's administrative procedures are the employee's only remedy."

13  *Mangano*, 529 F.3d at 1246 (citation omitted).  That is true even if the CSRA provides

14  no remedy for an employee's claim or excludes him in whole or in part from its remedial

15  scheme.  As the Supreme Court has held, Congress's "deliberate exclusion" of categories

16  of federal employees "from the provisions establishing administrative and judicial

17  review" for challenges arising out of federal employment "prevents" such employees

18  from seeking any review or relief outside the CSRA scheme.  *Fausto*, 484 U.S. at 455;

19  *see also, e.g.*, *Saul*, 928 F.2d at 840 (noting that "the preclusive effect of the CSRA

20  sweeps beyond the contours of its remedies"); *Mahtesian*, 406 F.3d at 1134 (action

21  arising out of federal employment precluded "[e]ven if no remedy [is] available" (citation

22  omitted)); *Veit v. Heckler*, 746 F.2d 508, 511 (9th Cir. 1984) ("[T]he comprehensive

23  nature of the procedures and remedies provided by the CSRA indicates a clear

24  congressional intent to permit federal court review as provided in the CSRA or not at

25  all.").  Simply put, "so far as review of determinations under the CSRA is concerned,

26  what you get under the CSRA is what you get." *Fornaro v. James*, 416 F.3d 63, 67 (D.C.

27  Cir. 2005) (Roberts, J.).

28

1    **B.    Plaintiff's Claims Are Precluded.**

2         Based on a straightforward application of these principles, the CSRA precludes

3    this lawsuit.  It is indisputable that Plaintiff's claims—which seek damages based on his

4    removal from the DEA—arise out of his federal employment.  *See, e.g.*, FAC ¶ 46

5    (alleging that as a "result of Defendants' wrongful termination of Mr. Ibrahim's position,

6    against public policy, Mr. Ibrahim has suffered and continues to suffer substantial

7    losses").  They thus fall within the CSRA's comprehensive scheme, and Plaintiff is

8    limited to the remedies set forth in that statute, which preclude resort to a damages action

9    in federal district court.  *See, e.g.*, *Fausto*, 484 U.S. at 448-51, 455; *Elgin*, 567 U.S. at 12;

10   *Mangano*, 529 F.3d at 1245-46.[7]

11        Plaintiff's first three counts are labeled: (1) "wrongful termination"; (2) "wrongful

12   termination in violation of public policy"; and (3) "breach of the covenant of good faith

13   and fair dealing."  FAC ¶¶ 31-56.  Plaintiff's reliance on the FTCA, discussed above,

14   indicates that he is attempting to assert state law tort claims.  But the Ninth Circuit has

15   squarely held that the CSRA precludes "common law tort claims."  *Saul*, 928 F.2d at 843

16   (finding that "preemption of . . . work-related tort claims is necessary to fulfill

17   congressional intent"); *see also, e.g.*, *Fausto*, 484 U.S. at 450-51 (rejecting argument that

18   federal employees should retain their "pre-CSRA remedies"); *Mangano*, 529 F.3d at 1246

19   (finding that any "other potential employee remedies are preempted" by CSRA's

20   scheme); *Mahtesian*, 406 F.3d at 1134 (CSRA precludes claims asserted under the

21   FTCA).  Whether or not the CSRA would ultimately provide the remedies Plaintiff seeks,

22   or indeed any remedy at all, Plaintiff cannot bring this federal district court action to

23   challenge his removal from federal employment—*i.e.*, an act that "fell within the CSRA's

24   confines."  *Mahtesian*, 406 F.3d at 1131 (citation omitted).  The "comprehensive nature

25

26        ───────────────
          [7] Certain claims of discrimination, once administratively exhausted, may be
27   brought in district court through separate anti-discrimination statutes, as explicitly
     authorized by the CSRA.  *See* 5 U.S.C. §§ 2302(d); 7702; 7703(b)(2).  Plaintiff does not
28   invoke any of these statutes here.

                                                    11

of the procedures and remedies provided by the CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA or not at all." *Veit*, 746 F.2d at 511; *see generally Fausto*, 484 U.S. 439; *Elgin*, 567 U.S. 1.

The same is true of Plaintiff's constitutional claims because, as the Supreme Court has also emphasized, the CSRA's "exclusivity does not turn on the constitutional nature of an employee's claim, but rather on the type of the employee and the challenged employment action." *Elgin*, 567 U.S. at 15; *see also, e.g.*, *Tabaddor v. Holder*, 156 F. Supp. 3d 1076, 1080 (C.D. Cal. 2015) ("There is no question but that the CSRA provides the exclusive remedy for an alleged constitutional violation . . . arising out of federal employment." (citation omitted)); *Toro v. Napolitano*, No. 12-CV-2804, 2013 WL 4102158, at *2 (S.D. Cal. Aug. 13, 2013) (similar).

It is true that the Ninth Circuit has held that the CSRA should not be understood to preclude colorable constitutional claims sounding in equity where the plaintiff has no other remedy. *See Am. Fed. of Gov't Emps. Local 1 v. Stone*, 502 F.3d 1027, 1034-35 (9th Cir. 2007). But that limited exception to CSRA preclusion does not apply here for at least two reasons. First, Plaintiff seeks only damages, not any form of "equitable relief." *Id*. at 1036; *see Nardizzi v. Williams*, Case No. CV-13-3210, 2013 WL 12169354, at *5 (C.D. Cal. Nov. 19, 2013) (finding *Stone* "easily distinguishable" because the plaintiff sought "money damages rather than equitable relief"). As discussed above, that means his claims are barred by sovereign immunity.[8] And even if he were attempting to seek individual capacity relief under *Bivens* (and as noted above, there is no reason to read Plaintiff's complaint to do so), the Ninth Circuit has been clear that such relief is unavailable: "The CSRA's comprehensive remedial provisions convince us that there

---

[8] Indeed, Plaintiff does not even attempt to identify a waiver that would allow him to seek damages against the federal government based on federal constitutional violations. The FTCA is inapplicable here for the reasons discussed above, but even where it does apply, "[t]he extent of the United States' liability under the FTCA is generally determined by reference to state law," not the federal Constitution. *Liebsack v. United States*, 731 F.3d 850, 855 (9th Cir. 2013).

was no inadvertence by Congress in omitting a damages remedy against supervisors whose work-related actions allegedly violate a subordinate's constitutional rights." *Saul*, 928 F.2d at 840; *see also, e.g.*, *Popelka v. O'Keefe*, 17 F.3d 395, at *1 (9th Cir. 1994) ("We have held that the CSRA has provisions designed to protect civil servants from personnel practices which contravene their constitutional rights, and that *Bivens*-type claims asserting constitutional violations cannot be brought by federal employees in federal district court."); *Clemente*, 766 F.2d at 1364 (the CSRA's comprehensive scheme "to remedy violations of constitutional rights in connection with federal employment and personnel policy . . . [cannot] be augmented by non-statutory '*Bivens*-type' relief").

Second, it is not the case that Plaintiff has no "remedies available under the CSRA . . . and that judicial review is the only means by which he can attempt to vindicate his constitutional rights." *Stone*, 502 F.3d at 1037. To start, Plaintiff alleges that he was not a probationary employee at the time of his firing. FAC ¶ 28. If that were true, then he would have the ability to appeal his removal to the MSPB and (eventually) the Federal Circuit, and his constitutional claims would be precluded by a direct application of *Elgin*. But even if Plaintiff was a probationary employee at the time of his removal,[9] he would still be able to file an OSC complaint challenging his removal as an alleged "prohibited personnel practice." *See supra* pp. 9-10. Because "the CSRA regime does . . . provide a remedy to probationary employees," *Stone* has no application in this case. *Toro*, 2013 WL 4102158, at *2 (reiterating that the availability of the OSC complaint process is, "in any event, inconsequential" because "a federal employee's personnel-related complaints are preempted even if no remedy is available under the CSRA" (citation omitted)); *see also, e.g.*, *Gonzalez v. Manjarrez*, No. EP-11-CV-29, 2013 WL 152177, at *5 (W.D. Tex. Jan. 4, 2013) (finding probationary employee's constitutional claim precluded by CSRA and noting availability of OSC complaint process); *Nardizzi*, 2013 WL 12169354, at *4-

---

[9] As noted above, an MSPB Administrative Judge reached this conclusion in an initial decision; Plaintiff does not appear to have petitioned the full MSPB for review of that initial decision, nor filed an appeal of the decision with the Federal Circuit.

5; *Tabaddor*, 156 F. Supp. 3d at 1085-86; *Chamat v. Paulson*, No. 07-CV-1010, 2009 WL 764989, at *5 (S.D. Cal. Mar. 23, 2009) (probationary employee "not entitled to bring this action under the CSRA or under any other legal theory," even though "he cannot seek redress of grievances under the act").

Because Plaintiff's claims do not fit within the narrow exception recognized in *Stone*, the Court should find that the CSRA precludes jurisdiction over all such claims and dismiss this case.  At a minimum, it should dismiss on the basis that Plaintiff has not exhausted his administrative remedies, which is a jurisdictional prerequisite to obtaining district court review.  *See, e.g.*, *Karamanos*, 882 F.2d at 450; *Munoz-Munoz v. Locke*, Case No. C10-1475, 2013 WL 11319006, at *5-6 (W.D. Wash. Apr. 24, 2013) (dismissing probationary employee's constitutional claim as "precluded by the CSRA," while also noting that "even if the CSRA does not completely preclude Plaintiff's claims under *Saul*, [she] nonetheless failed to exhaust her administrative remedies before proceeding in this Court"); *Thomas v. Shinseki*, Case No. EDCV 09-1866, 2010 WL 11508668, at *5 (C.D. Cal. Apr. 20, 2010) (burden on federal employee to establish jurisdiction and show "that his claims fall outside the bounds of the CSRA's 'comprehensive and exclusive legislative scheme to govern federal personnel matters'" (citation omitted)).[10]

---

[10] Plaintiff's conclusory allegation that he has "exhausted all administrative remedies available to him under the [CSRA]," *e.g.*, FAC ¶ 40, fails to carry this burden. Plaintiff includes no details about any administrative proceedings, and crucially alleges no attempt to seek corrective action of any alleged prohibited personnel practice through Chapter 23 of the CSRA and the OSC complaint process described above.  *See Thomas v. Dep't of Veterans Affairs*, Case No.: CV 21-02433, 2021 WL 3468937, at *3 (C.D. Cal. Mar. 25, 2021) (finding that employee had not exhausted CSRA remedies, even where he alleged that he filed a complaint with OSC, where "he has not alleged whether he received any response from the OSC or whether he appealed the OSC's decision to the MSPB"); *Hopkins v. Potter*, CV-S-05-0303, 2006 WL 8441987, at *7 (D. Nev. Mar. 21, 2006) ("[I]f a plaintiff fails to present her claim to the [OSC] or the MSPB under the CSRA, she has failed to exhaust her administrative remedies.").

14

### III.   Plaintiff's Claims Fails As A Matter of Law.

All of Plaintiff's claims also fail as a matter of law and should be dismissed for failure to state a claim under Rule 12(b)(6).

As discussed above, Plaintiff's first three causes of action are not available to federal employees challenging federal employment personnel actions.  Because they state no "cognizable legal theory"—and indeed do not even identify the source of law on which they are based—the Court should, in the alternative, dismiss them under Rule 12(b)(6). *See, e.g.*, *Saul*, 928 F.2d at 842 (finding that "Congress intended to oust state tort law from the realm of federal employment"); *Nelson v. Fraser*, Case No. ED CV 19-1769, 2020 WL 11626077, at *3 (C.D. Cal. Mar. 9, 2020) (dismissing complaint pursuant to Rule 12(b)(6) where the plaintiffs "failed to allege a cognizable legal theory against the Federal Defendants" and provided "no direction as to what legal theory or cause of action" they were alleging).

Plaintiff's fourth and fifth causes of action assert constitutional claims.  As noted above, the FTCA does not authorize damages actions against the United States based on violations of federal constitutional law, *see FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994), and Plaintiff does not even attempt to identify a waiver of sovereign immunity that would allow him to pursue such claims.  *Cf. Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (emphasizing that the recognition of implied damages remedies against federal officials for constitutional violations is a "disfavored judicial activity" (citation omitted)).  In any event, both constitutional claims fail as a matter of law.

Plaintiff first alleges that the DEA removed him "without good cause and with only pretextual reasons" in violation of a purported "substantive due process right associated with his government employment."  FAC ¶¶ 60-61; *see also id*. at ¶ 61 (alleging that Plaintiff has been "permanently . . . deprived of his employment with the DEA").  But "there is no fundamental right to government employment."  *United Bldg. & Constr. Trades Council v. Mayor & Council of Camden*, 465 U.S. 208, 219 (1984); *see also Clemente*, 766 F.2d at 1365 (a federal employee "does not possess 'a liberty interest in

15

her Civil Service career'" (citation omitted); *Am. Fed'n of Gov't Emps. (AFL-CIO) v. United States*, 195 F. Supp. 2d 4, 25 (D.D.C. 2002) (finding that "substantive due process analysis does not apply" because there is "no case law that recognizes a fundamental right to federal employment"). "[D]ue process does not protect the right to be in any particular job," *Pavel v. Univ. of Or.*, Case No. 6:16-cv-00819, 2017 WL 1827706, at *12 (D. Or. May 3, 2017), and the "mere fact of dismissal does not cause a deprivation of liberty," *Clemente*, 766 F.2d at 1365. Rather, the only way that Plaintiff could even potentially make out a substantive due process claim based on his removal is by making the "extreme" showing that government action has "blacklist[ed]" him from holding *any* employment in his chosen profession. *Pavel*, 2017 WL 1827706, at *12 (citations omitted).

Plaintiff has pled no such facts in this instance, instead choosing to focus on the economic harms associated with losing his position with the DEA. *See, e.g.*, FAC ¶ 38 (alleging that his removal has caused "lost past and future income, lost government benefits, and lost career opportunities"). His one conclusory assertion that he has been "essentially blacklisted due to the false and defamatory news that has been broadcast about his attendance [at] the January 6 rally," *id.* ¶ 26, is insufficient. Though he uses the magic word from the case law, Plaintiff provides no corroborating factual allegations or concrete details, describes no instances of being unable to pursue career opportunities outside of his DEA position, and fails to raise a plausible inference of "permanent exclusion from, or protracted interruption of, gainful employment within the trade or profession." *Blantz v. Cal. Dep't of Corrs. & Rehab*, 727 F.3d 917, 925 (9th Cir. 2013) (quoting *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 366 (9th Cir. 1976)). Because Plaintiff has alleged, at most, "reduced economic returns and diminished prestige" stemming from the loss of his specific position at the DEA, *id.*, the Court should

dismiss his substantive due process claim.[11]  *See id.* at 926 (affirming dismissal of substantive due process claim where employee alleged "only that she has been unable to obtain work" with her employer, not that she had "been unable to find work as a nurse" more generally); *accord Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1128 (9th Cir. 2001) ("We have consistently held that people do not have liberty interests in a specific employer.").

Finally, Plaintiff's fifth cause of action—that he was removed from his position with the DEA "based on his political affiliation" in violation of the Equal Protection Clause, FAC ¶ 74—is precisely the type of alleged "prohibited personnel practice" against which Plaintiff can pursue corrective action through the CSRA's remedial scheme, and in particular the OSC complaint process.  *See* 5 U.S.C. § 2302(b)(1)(E) (prohibiting discrimination against federal employees on the basis of "political affiliation").  Indeed, a central purpose of the CSRA is to "ensure that personnel decisions involving federal civil service employees are based on merit."  *Broughton v. Courtney*, 861 F.2d 639, 641 (11th Cir. 1988).  This claim is thus clearly precluded by the CSRA and in any event not cognizable as a stand-alone equal protection claim for federal employees.  *Cf. Uphoff Figueroa v. Alejandro*, 597 F.3d 423, 430 n. 8 (1st Cir. 2010) (noting that claims of "political discrimination" by non-federal employees are "improperly classified under the rubric of the Equal Protection Clause").

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion and dismiss Plaintiff's action.

---

[11] If Plaintiff was a probationary employee at the time of his removal, his claim is even weaker because such employees have no legitimate claim of entitlement to their probationary employment.  *Beatty v. Thomas*, No. Civ.A. 2:05CV71, 2005 WL 1667745, at *9 (E.D. Va. June 13, 2005) (citing *Walker v. United States*, 744 F.2d 67, 68 (10th Cir. 1984)); *see also Kursar v. Dep't of Transp.*, 157 F. App'x 306, 310 n.1 (Fed. Cir. 2005) (collecting cases).

17

Dated: September 15, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT
Trial Attorney
    U.S. Department of Justice
    Civil Division, Federal Programs
    Branch
    1100 L Street NW
    Washington, DC 20005
    Telephone: (202) 616-8098
    Facsimile: (202) 616-8074
    E-mail: robert.c.merritt@usdoj.gov

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
PAUL B. LASCALA (Cal. Bar No. 186939)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2467
    Facsimile: (213) 894-7819
    E-mail: Paul.LaScala@usdoj.gov

Attorneys for Defendants