Darren M. Richie, Esq. (SBN 316116)
darren@dre.law
Antonio Castillo III, Esq. (SBN 276891)
antonio@dre.law
Daniel Infuso, Esq. (SBN 327119)
Daniel@dre.law
DRE A.P.C.
222 N. Canon Dr., Ste 201
Beverly Hills, CA 90210
Tel: (213) 265-7888

Attorneys for Plaintiff, MARK IBRAHIM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARK IBRAHIM, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.<br><br>    Defendants. | Case No. 8:22-cv-00813 DOC-KES<br>District Judge, Fernando M. Olguin<br>Magistrate Judge, Karen L. Stevenson<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) and (6); MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO THIS HONORABLE COURT:**

Plaintiff's response in opposition, on October 17, 2022 at 8:30 am, or as soon thereafter as they may be heard, to Defendant's motion to move this Court to dismiss Plaintiff's First Amended Complaint. This response will be made in the Ronald Reagan Federal Building and Courthouse before the Honorable David O. Carter, United States District Judge, Courtroom 10A, located at 411 West Fourth Street, Santa Ana, CA 92701. Defendants bring the motion under Federal Rules of Civil Procedure 12(b)(1) and (6). This response is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court

1

in this action, and upon such oral argument as may be presented at the hearing of this motion. This response is made following the conference of counsel pursuant to Local Rule 7- 3, which began via email on August 30, 2022, and continued with multiple telephone calls and email communications up to September 8, 2022.

Defendants deny any liability and dispute the nature and extent of Plaintiffs' claimed damages.

DATED: 9/26/2022                    **DRE LAW, APC**

By: /s/ Daniel Infuso, Esq.
    ANTONIO CASTILLO, III, Esq.
    DANIEL INFUSO, Esq.
    Attorney for Plaintiff,
    MARK IBRAHAM

2

**PLAINTIFF'S OPPOSITION TO DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) and (6); MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 5

LEGAL STANDARDS ...................................................................................... 6

A. Fed. R. Civ. P. 12(b)(1) ................................................................................. 6

B. Fed. R. Civ. P. 12(b)(6) ................................................................................. 6

ARGUMENT ...................................................................................................... 7

    A. Sovereign Immunity Does Not apply…............................................... 7

    B. Plaintiff's Claims Are Not Precluded................................................... 8

    C. Plaintiff's Claims Survive.................................................................... 9

CONCLUSION ................................................................................................. 10

3

**PLAINTIFF'S OPPOSITION TO DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) and (6); MEMORANDUM OF POINTS AND AUTHORITIES**

## TABLE OF AUTHORITIES

**Cases**

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).................................................7

Colenzo v. FDIC, Case No. CV 09- 00816, 2010 WL 11512213, at *3 (C.D. Cal. Apr. 28, 2010)...................................................................................8

Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) ..................................7

Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1088 (9th Cir. 2007)...................................................................................................................8

Fed. of Gov't Emps. Local 1 v. Stone, 502 F.3d 1027, 1034-35 (9th Cir. 2007)...................................................................................................................9

Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) ....................................................8

In Nelson v. Fraser, Case No. ED CV 19-1769, 2020 WL 11626077, at *3 (C.D. Cal. Mar. 9, 2020) .............................................................................10

In Saul, 928 F.2d at 843 ................................................................................................9

Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) ...................................................7

UMG Recordings, Inc. v. Shelter Cap. Partners, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013)........................................................................................7

Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) ...............................................7

**Statutes**

Fed. R. Civ. P. 12(b)(1)..............................................................................................3, 6

Fed. R. Civ. P. 12(b)(6).......................................................................................3, 7, 10

4

**PLAINTIFF'S OPPOSITION TO DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) and (6); MEMORANDUM OF POINTS AND AUTHORITIES**


# INTRODUCTION

Actions should not be heard and lost based upon procedural grounds. Plaintiff, a former probationary special agent with the United States Drug Enforcement Administration ("DEA"), challenges his removal from federal employment, seeking only monetary damages from the United States in compensation for his lost position. Plaintiff can establish Article III subject-matter jurisdiction over his claims, which do state any claim on which relief may be granted. The Court should NOT thus dismiss this case.

Plaintiff can establish subject-matter jurisdiction. First, there is a waiver of sovereign immunity that entitles him to seek monetary damages against the United States based on his removal from federal employment. Second, Plaintiff's claims are not within the preclusive ambit of the Civil Service Reform Act ("CSRA"). That statute sets forth a comprehensive and exclusive scheme under which most disputes arising out of federal employment are to be adjudicated through administrative proceedings culminating, in specified instances, in judicial review in the Federal Circuit. Outside of narrow circumstances, it channels review entirely away from federal district court. And at a minimum, Plaintiff would be required to administratively exhaust all remedies available to him under the CSRA; because he has alleged administrative remedies he has pursued, this Court has jurisdiction over his claims. Moreover, Plaintiff's claims state cognizable legal theories, and each thus survives as a matter of law. The first three counts—"wrongful termination," "wrongful termination in violation of public policy," and "breach of the covenant of good faith and fair dealing"—identify a source of law that a federal employee can rely on to challenge his removal from federal employment. Plaintiff states a substantive due process claim because there is substantive due process interest in holding a particular federal position, and Plaintiff does allege the kind of extreme

5

PLAINTIFF'S OPPOSITION TO DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) and (6); MEMORANDUM OF POINTS AND AUTHORITIES

circumstances that could potentially give rise to a due process claim. Finally, district court review of Plaintiff's equal protection claim is especially appropriate because it alleges discrimination on the basis of political affiliation—membership in a suspect class warranting heightened scrutiny under the Equal Protection Clause—and is precisely the type of allegation the CSRA scheme is not designed to address. For these reasons, and those set forth below, the Court should dismiss defendants demur.

## LEGAL STANDARDS

**A. Fed. R. Civ. P. 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action if it lacks subject-matter jurisdiction over the suit. Plaintiff bears the burden of showing subject-matter jurisdiction. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). Indeed, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (citation omitted). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

**B. Fed. R. Civ. P. 12(b)(6)**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a complaint fails "to state a claim upon which relief can be granted." Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" UMG Recordings, Inc. v. Shelter Cap. Partners,

6

PLAINTIFF'S OPPOSITION TO DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) and (6); MEMORANDUM OF POINTS AND AUTHORITIES

1  LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (citation omitted). To survive a motion
2  under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief
3  that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## ARGUMENT

The Court should not dismiss this case on jurisdictional grounds because actions should not be heard and lost based upon procedural grounds. First, Plaintiff's claims are NOT barred by sovereign immunity. Second, Plaintiff's claims are NOT precluded by the CSRA. Plaintiff's five causes of action sets forth claims to relief plausible on it's face with sufficient facts alleged.

### A.   Sovereign Immunity does not apply.

"The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." Colenzo v. FDIC, Case No. CV 09- 00816, 2010 WL 11512213, at *3 (C.D. Cal. Apr. 28, 2010) (quoting Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997)). Unless a plaintiff "satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1088 (9th Cir. 2007).

Here, it is shown that Plaintiff satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress.

Plaintiff here seeks "compensatory damages," "special damages," and associated costs and fees. See FAC, Prayer. In Defendant's motion, they state Plaintiff has not

identified a waiver that would allow him to bring such a suit for money damages against the United States in federal district. However, Plaintiff's FAC dedicated a whole section to why the waiver applies. FAC ¶¶ 84-90.

To summarize, as clearly alleged in Plaintiff's FAC: "Defendants terminated Plaintiff's employment as a matter of a judgment or choice that was not discretionary since there was no policy in place by Defendants governed by a mandatory statute, policy, or regulation, addressing terminating Plaintiff due to his affiliation and/or attending the rally." FAC ¶¶ 87. "Defendants made their Judgment or choice not based upon Plaintiffs conduct that "implements, social, economic or political policy considerations." Defendants terminated Plaintiff's employment due to his affiliation and/or attending the rally but didn't arise to the level and/or implicate any policy considerations." FAC ¶¶ 89.

### B.     Plaintiff's Claims Are Not Precluded

In Saul, 928 F.2d at 843, the Court held that "preemption of . . . work-related tort claims is necessary to fulfill congressional intent." However, Plaintiff's termination arises from his *personal affiliation* with a political party, and not a work-related tort. Here, Plaintiff alleged that his termination was due to his attendance at a political rally, not because of his work performance. FAC ¶¶ 31-56. This triggers, inter alia, Equal Protection Clause issues. Discovery must still continue, it is inappropriate to rule in favor of defendants demur at this stage.

Plaintiff's first three counts are labeled: (1) "wrongful termination"; (2) "wrongful termination in violation of public policy"; and (3) "breach of the covenant of good faith and fair dealing." FAC ¶¶ 31-56. Plaintiff's are not in complete reliance on the

FTCA, to assert state law tort claims.

The Ninth Circuit has held that the CSRA should not be understood to preclude colorable constitutional claims sounding in equity where the plaintiff has no other remedy. See Am. Fed. of Gov't Emps. Local 1 v. Stone, 502 F.3d 1027, 1034-35 (9th Cir. 2007). Here, Plaintiff has no other remedy. As alleged, "Plaintiff has exhausted all administrative remedies available to him under the Civil Service Reform Act ("CSRA"), CSRA." FAC ¶¶ 40. Plaintiff prays for damages, and whatever relief the court deems necessary, which may seek individual capacity relief under Bivens.

Further, Plaintiff has no "remedies available under the CSRA . . . and that judicial review is the only means by which he can attempt to vindicate his constitutional rights." Stone, 502 F.3d at 1037.

### C. Plaintiff's Claims Survive

In Nelson v. Fraser, Case No. ED CV 19-1769, 2020 WL 11626077, at *3 (C.D. Cal. Mar. 9, 2020), the Court ruled dismissing the complaint pursuant to Rule 12(b)(6) where the plaintiffs "failed to allege a cognizable legal theory against the Federal Defendants" and provided "no direction as to what legal theory or cause of action" they were alleging.

Here, Plaintiff alleges cognizable theories and provide direction as to what legal theory for all claims. It is clear that each cause of action gives a direction at to what legal theory or cause of action. Plaintiff's first three counts are clearly labeled: (1) "wrongful termination"; (2) "wrongful termination in violation of public policy"; and (3) "breach of the covenant of good faith and fair dealing." FAC ¶¶ 31-56.

Defendants even concede that even the fourth and fifth action clearly assert Constitutional actions. Demur, P. 14, ¶14.

This claim is thus clearly NOT precluded by the CSRA and are cognizable as a stand-alone equal protection claim for federal employees.

## CONCLUSION

For the foregoing reasons, this Honorable Court should DENY Defendants' motion to dismiss and allow this meritorious claim to proceed.

DATED: 9/26/2022            **DRE LAW, APC**

                                  By: /s/ Daniel Infuso, Esq.
                                        ANTONIO CASTILLO, III, Esq.
                                         DANIEL INFUSO, Esq.
                                        Attorney for Plaintiff,
                                        MARK IBRAHAM